IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02425-CYC

R.P.,[1]

    Plaintiff,

v.

FRANK J. BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[2]

    Defendant.

## MEMORANDUM OPINION AND ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff R.P. appeals an adverse decision of the Social Security Commissioner (the "Commissioner") made through an administrative law judge (the "ALJ") that found that she was not disabled. Because the plaintiff fails to demonstrate that the ALJ did not consider all evidence in constructing the residual functional capacity ("RFC"), the ALJ's decision is **AFFIRMED**.

## BACKGROUND

The plaintiff applied for disability benefits with the Social Security Administration (the "SSA") on February 11, 2022, asserting that she became disabled from November 3, 2020 through the date of the application. ECF No. 7-5 at 2–3. On January 12, 2023, an SSA disability examiner denied the plaintiff's application, finding that she was not disabled. ECF No. 7-3 at 2–

---

[1] Pursuant to D.C.COLO.LAPR 5.2(b), this opinion refers to the plaintiff using only initials.
[2] Frank J. Bisignano has become Commissioner of the Social Security Administration and is substituted for former Commissioner Martin J. O'Malley as Defendant in this case. *See* Fed. R. Civ. P. 25(d).

1

7. The following day, the plaintiff requested reconsideration. ECF No. 7-4 at 7. Two months later, a different SSA disability examiner again denied the plaintiff's application, affirming the first examiner's findings. ECF No. 7-3 at 8–14.

A claimant "dissatisfied with one of the determinations or decisions" she receives from the SSA "may request a hearing" with "an administrative law judge," 20 C.F.R. § 404.929, and the plaintiff did so on May 31, 2023. ECF No. 7-4 at 17–18. The plaintiff then received notice of her hearing, ECF No. 7-4 at 44–60, and, on February 1, 2024, the ALJ found that the plaintiff was not disabled under the Social Security Act. ECF No. 7-2 at 11–21.

In so finding, the ALJ followed the SSA's familiar "five-step sequential evaluation process [it] use[s] to decide whether [a claimant is] disabled." 20 C.F.R. § 404.1520(a)(1). In that framework, the claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The Commissioner bears the burden of proof at any necessary fifth step. *Id*. at 751.

The first step involves considering the applicant's "work activity"; if the applicant is "doing substantial gainful activity," the SSA will find that she is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). The ALJ found that the plaintiff was not engaged in substantial gainful activity between the date that she alleges she became disabled, November 3, 2020, through her date last insured, December 31, 2020. ECF No. 7-2 at 14.

Next, the ALJ "consider[ed] the medical severity of" the plaintiff's "impairment(s)." 20 C.F.R. § 404.1520(a)(4)(ii). Without a severe impairment lasting at least twelve months, the SSA will find that an applicant is not disabled. *Id.* Here, the ALJ found that the plaintiff had severe impairments of osteoarthritis of the right knee, status post total knee arthroplasty (November

2

2019), degenerative disk disease of the cervical spine, status post anterior cervical diskectomy and fusion (2019), Parkinson's disease with intermittent tremor/vascular Parkinsonism, and emphysema. ECF No. 7-2 at 14. The ALJ classified the plaintiff's other impairments, including osteoporosis, hypertension, hyperlipidemia, irritable bowel syndrome, and a colon polyp, as not severe. *Id.* With respect to the plaintiff's mental impairments, including adjustment disorder with mixed anxious and depressed mood, anxiety and depression, considered singly and in combination were non-severe. *Id.* at 15. In making this finding, the ALJ applied the broad functional areas of mental functioning set out in the "paragraph B" criteria disability regulations, which "requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the 'paragraph B' criteria . . . of the adult mental disorders listings." *Id.* at 15; *Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013) (citing SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996)). The ALJ found that the plaintiff had "mild limitations" in all four categories within "paragraph B" criteria. ECF No. 7-2 at 15–16. That is, he found mild limitations in the plaintiff's ability to (1) understand, remember or apply information, (2) interact with others, (3) concentrate, persist or maintain pace, and (4) adapt or manage oneself. *Id.*

"At the third step," the ALJ "also consider[ed] the medical severity of" the plaintiff's "impairment(s)" to see whether they met or equaled the severity of certain specified impairments that would result in a finding that the plaintiff was disabled. 20 C.F.R. § 404.1520(a)(4)(iii). The ALJ found generally that the plaintiff's physical impairments did not meet such criteria. ECF No. 7-2 at 16–17.

The "fourth step" involves an "assessment of" the plaintiff's RFC — that is, "the most [she] can still do despite [her] limitations," 20 C.F.R. § 404.1545(a)(1) — and her "past relevant

3

work." 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ found that the plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except that she could lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours and stand/walk up to 6 hours each in an 8 hour day, push/pull as much as she could lift/carry but was limited to occasional climbing or ramps and stairs, never climbing ladders, ropes or scaffolds, and occasionally balancing, stooping, kneeling, crouching or crawling. The claimant was also limited to frequent bilateral reaching, handling, fingering and feeling. The claimant was further limited to no concentrated exposure to extreme cold, extreme heat, dust, odors, fumes or pulmonary irritants and no exposure to unprotected heights or moving mechanical parts.

ECF No. 7-2 at 17. A conclusion that an applicant "can still do" her "past relevant work" results in a finding that she is "not disabled." 20 C.F.R. § 404.1520(a)(4)(iv). Here, the ALJ determined that the plaintiff could perform her past relevant work, ECF No. 7-2 at 21, and therefore concluded that the plaintiff was not disabled. 20 C.F.R. § 404.1520(f).

The plaintiff then appealed the ALJ's decision to the SSA's Appeals Council. ECF No. 7-4 at 68–69. The Appeals Council denied the request for review on July 9, 2024. ECF No. 7-2 at 2–6. This timely request for judicial review pursuant to 42 U.S.C. § 405(g) followed, and the parties consented to the jurisdiction of a magistrate judge. ECF No. 8.

## **ANALYSIS**

Title II of "[t]he Social Security Act," 42 U.S.C. § 401 *et seq.*, "authorizes payment of disability insurance benefits . . . to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). A benefits claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. *Id.*

§§ 423(d)(3), 423(d)(5)(A). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effect of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citation omitted). "However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Alcantar v. Colvin*, 207 F. Supp. 3d 1206, 1209 (D. Colo. 2016) (citing *Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995)).

The primary responsibility for determining eligibility for disability benefits lies with the Commissioner. *See* 42 U.S.C. § 405(a). But an individual may obtain judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). The scope of such review is limited, as "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." *Id.* Thus, a reviewing court simply determines "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). A reviewing court, therefore, may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800

5

(10th Cir. 1991) (citations omitted). Because the plaintiff fails to demonstrate that the ALJ did not consider the relevant evidence in formulating the RFC, the Commissioner prevails.

Here, the plaintiff faults the ALJ's level of discussion of the plaintiff's mild mental limitations from step four of his analysis. ECF No. 9 at 1–2; ECF No. 7-2 at 15–16. An ALJ does not err in not discussing a plaintiff's physical impairments in step four of the analysis when the ALJ has discussed them "in detail earlier in the decision." *Bradley v. Colvin*, 643 F. App'x 674, 676 (10th Cir. 2016). That rationale also applies to mental impairments. *See, e.g.*, *C.C. v. O'Malley*, No. 24-CV-00055-MDB, 2025 WL 942992, at *4–5 (D. Colo. Mar. 26, 2025); *Derryberry v. Kijakazi*, No. 21-CV-02526-PAB, 2023 WL 8238127, at *4 (D. Colo. Nov. 28, 2023); *Maria R. v. Dudek*, No. CV 24-74 GBW, 2025 WL 864258, at *3–4 (D.N.M. Mar. 19, 2025). And it is what the ALJ did. For instance, in step two, the ALJ discussed the plaintiff's symptoms, home healthcare records, a neurological follow up exam, and an MRI of the brain. ECF No. 7-2 at 15–16. But the ALJ did not stop there. He concluded that the opinions by two non-examining state agency psychologists were unpersuasive. *Id.* at 15. The plaintiff takes no issue with the ALJ's step-two findings. ECF No. 11 at 5. The discussion was therefore sufficient.

Moreover, an ALJ's obligation at step four may be satisfied when the ALJ discusses the plaintiff's mental limitations to some degree at that step. *See Alvey v. Colvin*, 536 F. App'x 792, 794 (10th Cir. 2013); *see also Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013). To be sure, "the ALJ admittedly could have been more explicit in tying the former discussion to the latter conclusion." *Suttles v. Colvin*, 543 F. App'x 824, 826 (10th Cir. 2013). Still, the ALJ's step-four analysis "discussed evidence relating to" the plaintiff's mental impairments. *Id.*; *see* ECF No. 7-2 at 17–20. For example, the ALJ noted that the plaintiff complains of tremors and anxiety in 2019 and that these were the plaintiff's most limiting symptoms in December 2020. ECF No. 7-2 at

18. He then acknowledged that the plaintiff complains of anxiety, chest and stomach tightness, headaches, difficulty sleeping, difficulty being around other people because of her tremors, depression, and a feeling that she cannot do anything. *Id.* at 19. The ALJ also found Nurse Victoria Sergo's opinion, which dealt with the plaintiff's mental health impairments, unpersuasive and an overstatement. *Id.* at 20; *see* ECF No. 7-8 at 202–08. His findings "then pointedly omitted any limitation associated with that mental impairment on the RFC." *Suttles*, 543 F. App'x at 826. No more was necessary, especially given the ALJ's averment that he considered all evidence and all the plaintiff's symptoms. ECF No. 7-2 at 12, 14, and 17; *see Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." (citing *United States v. Kelley*, 359 F.3d 1302, 1304–05 (10th Cir. 2004))). That prevails over a mere "assertion that the ALJ did not consider the evidence," which "is insufficient to demonstrate error." *Derryberry*, 2023 WL 8238127, at *4.

Given that discussion, this is not a case in which "the ALJ simply relies on the fact that the Claimant's mental impairments are non-severe and that no limitations are necessary." *Anderson v. Comm'r of Soc. Sec. Admin.*, No. CIV-21-034-KEW, 2023 WL 2733353, at *4 (E.D. Okla. Mar. 31, 2023). His analysis went beyond mere reliance on the "non-severe" label. Nor was that analysis "devoid of any discussion of Plaintiff's asserted mental impairments and any limitations that may result from these impairments." *Kelly S. v. O'Malley*, No. 4:24-CV-00030-PK, 2024 WL 3540843, at *3 (D. Utah July 25, 2024). The ALJ evinced his consideration of the plaintiff's mental impairments in constructing the RFC. And, in all events, the plaintiff "fails to explain how, specifically, the RFC limitations would need to be changed to address symptoms of h[er] nonsevere mental impairments" to support her contention that the ALJ erred in his

7

assessment. *J.M. v. Comm'r, Soc. Sec. Admin.*, No. 24-CV-00856-KAS, 2024 WL 4901878, at *5 (D. Colo. Nov. 27, 2024) (citing *Orso v. Colvin*, 658 F. App'x 418, 420 (10th Cir. 2016)).

The short of it is that while the ALJ's analysis could have been more fulsome, the record demonstrates his consideration of the plaintiff's mental limitations. No more was necessary and, thus, there is no error warranting reversal.

## **CONCLUSION**

For the foregoing reasons, the decision of the Commissioner, ECF No. 7-2 at 21, is **AFFIRMED**.

SO ORDERED this 25th day of September, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge